United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                                Case No. 22-10822-pmm
Wendell W. Morrison                                                                          Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4                           User: admin                                    Page 1 of 2
Date Rcvd: Jul 22, 2022                     Form ID: pdf900                            Total Noticed: 3

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 24, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Wendell W. Morrison, 1440 Stones Crossing Rd., Easton, PA 18045-5755 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | + Email/PDF: acg.acg.ebn@aisinfo.com | Jul 23 2022 00:21:34 | Ally Bank Lease Trust - Assignor to Vehicle Asset, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | + Email/PDF: gecsedi@recoverycorp.com | Jul 23 2022 00:32:00 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 24, 2022                           Signature:                /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 22, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| REBECCA ANN SOLARZ | on behalf of Creditor Rocket Mortgage  LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc. bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com |
| SCOTT F. WATERMAN (Chapter 13) | ECFMail@ReadingCh13.com |

STEPHEN J. PALOPOLI, III

on behalf of Debtor Wendell W. Morrison s.palopoli@verizon.net  betsylavelle@yahoo.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 4

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Wendell W. Morrison a/k/a Wendell Wilcox Morrison<br><br>                    Debtor(s) | CHAPTER 13 |
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc.<br>                    Movant<br><br>        vs. | NO. 22-10822 PMM |
| Wendell W. Morrison a/k/a Wendell Wilcox Morrison<br>                    Debtor(s) | 11 U.S.C. Section 362 |
| Scott F. Waterman<br>                    Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,725.72**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2022 through July 2022 at $1,931.43/month |
| **Total Post-Petition Arrears** | **$7,725.72** |

2.      The Debtor shall cure said arrearages in the following manner:

a).  Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,725.72**.

b).  Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7.275.72** along with the pre-petition arrears;

c).  The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due August 2022 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,931.43 (or as adjusted pursuant to the terms of

the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.    Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.    In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.    If the case is converted to Chapter 7, Movant  shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.


Date:    July 18, 2022

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: _7/21/2022_

/s/ Stephen J. Palopoli, Esquire

Stephen J. Palopoli, III Esq.
Attorney for Debtor(s)

Date: _7/20/2022_

Scott F. Waterman, Esq.
Chapter 13 Trustee

Approved by the Court this _22nd_ day of _July_ , 2022.  However, the court retains
discretion regarding entry of any further order.

Bankruptcy Judge
Patricia M. Mayer Judge